RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
DATE 6/19/15
     yr

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GARY KING, JR. and<br>MELBA IRELAND KING | CIVIL ACTION NO. 14-549 |
| VERSUS | JUDGE TRIMBLE |
| LOUISIANA TAX<br>COMMISSION, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

By Memorandum Ruling dated November 21, 2014, this court granted the Motion for Summary Judgment filed by the Louisiana Tax Commission, in part, and denied it, in part.[1] The court dismissed Plaintiffs' claims against Defendants which would "necessitate a finding...that the alleged actions of one or more Defendants contributed to, were undertaken for the purpose of, or resulted in the imposition of 'excessive' ad valorem tax by the LaSalle Parish Tax Assessor or the Tax Commission." The court also dismissed all claims against Defendant Jimmy D. Dean on the basis of prescription of such claims. The court preserved Plaintiffs' federal Fourth Amendment and Louisiana constitutional law claims against the Tax Commission and Lloyd Handorf ("Handorf") for further proceedings, but sought additional briefs on the issue of qualified immunity as that defense pertained to Handorf, who asserted it in support of the Motion for Summary Judgment.

---

[1] Memorandum Ruling and Judgment found at R. 31, 32.

The parties have filed the necessary briefs and the court has carefully considered the issue. We find that the facts as they are presented in the record do not support the defense of good faith qualified immunity in this case for the reasons expressed below.

Once raised by a public official, the defense of good faith qualified immunity requires the plaintiff to come forward with evidence to show that (1) the official violated one or more of Plaintiffs' constitutional rights, and (2) that the constitutional rights at issue were clearly established at the time of the alleged violation.[2] A right is clearly established if, in light of preexisting law, the unlawfulness of an action would be apparent to a reasonable official.[3]

As noted previously, we find no Fifth Circuit jurisprudence directly on point with regard to conduct by a tax assessor during a property inspection. We find, however, that the parameters of Fourth Amendment privacy rights were clearly established in 2010, such that any reasonable government official should have known of the prevailing Fourth Amendment privacy interest, generally, in areas within the curtilage of Plaintiffs' home and in the need to obtain affirmative consent prior to entering.[4]

Defendant points out that Plaintiff did not witness Handorf open the door to her pool house and, instead, testified that she found the door ajar after Handorf and Campbell left Plaintiffs' property.[5] Taking Plaintiffs' testimony as true for the purposes of this motion, we also note that Defendant's brief does not once deny that he was the person who opened the door, looked through the window of the bathroom or entered the curtilage of the home. Accordingly, we find no basis to discontinue our analysis based on this argument.

---

[2] Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Zarnow v. City of Wichita Falls, Tex., 500 F.3d. 401, 407 (5th Cir. 2007) citing Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992).
[3] Anderson v. Creighton, 483 U.S. 635, 640 (1987).
[4] Katz v. United States, 389 U.S. 347 (1967); United States v. Williams, 581 F.2d 451 (5th Cir. 1978).
[5] R. 34 at p. 2, citing Plaintiffs' deposition testimony.

The cases cited by Defendant support the court's view that Handorf is not entitled to good faith qualified immunity in this matter. Klen v. City of Loveland, Colorado, is cited by Defendant for the proposition that because Plaintiffs' allegations involve a pool house with a door which may not have been in good working order, Plaintiff did not possess as strong a privacy interest in this structure as she did in her home and, in this case, any intrusion failed to result in a constitutional violation for that reason.[6] We primarily reject Klen's application here based on the stark difference between the facts considered in Klen and those of the instant case. In Klen, the Tenth Circuit considered an intrusion into an unfinished commercial building, i.e., a construction site. The structure at issue in this case is a pool house which this court finds to be clearly within the curtilage of Plaintiffs' home.

We similarly find that the cited language of Widgren v. Maple Grove Twp.[7] fails to support Defendant's case, as it plainly advises:

> [t]ax appraisers would be well advised to obtain consent or a warrant as a matter of course before breaching the curtilage because, in many instances, such an intrusion may be a Fourth Amendment search.[8]

Defendant asserts that by requesting a new tax appraisal inspection, Mrs. King gave her consent in this matter. While the court is comfortable agreeing that Mrs. King consented to a traditional tax appraisal inspection of her property, we find no evidence in the record to support any assertion that she consented to Handorf's entry into the curtilage of Plaintiffs' home or his alleged actions while in that area. Given prevailing jurisprudence, we find that he is not entitled to qualified good faith immunity from liability for these actions, if proven at trial.

---

[6] 661 F.3d 498 (10th Cir. 2011).
[7] 429 F.3d 575 (6th Cir. 2005).
[8] Id. at 586-87.

The court will issue an Order denying Defendant's motion for summary judgment on the issue of qualified immunity in conformity with this memorandum ruling.

**Alexandria, Louisiana**
**June  19 , 2015**

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE