RECEIVED
FEB - 3 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CARY KING, ET AL | CIVIL ACTION NO. 2:14-0549 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| LOlouisIANA TAX COMMISSION, ET AL | MAG. JUDGE HAYES |

## MEMORANDUM RULING

Before the court is a "Second Motion for Summary Judgment" (R. #58) filed by the Louisiana Tax Commission and Lloyd G. Handorf, Jr. who move to dismiss with prejudice, all remaining claims and/or causes of actions made by Cary King, Jr. and Melba Ireland King pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs have failed to file an opposition to this motion. For the reasons that follow, the motion will be granted.

## FACTUAL STATEMENT

This lawsuit arises out of Defendant, Lloyd G. Handorf, Jr.'s, appraisal of the Kings' two houses, located in LaSalle Parish sometime on or before August, 2011. Plaintiffs' suit asserts claims under 42 U.S.C. § 1983 and Article 1 § 5 of the Louisiana State Constitution based in whole or in part on political retribution. When the appraisal was performed Mr. Handorf and another person appeared at the property for approximately one hour. Mrs. King permitted the men to come on her property to conduct the appraisal. Neither man went inside either of the two houses, but Mrs. King testified that she thought the men had forcefully pushed the pool house door open in order to make entry. Mr. Handorf looked into the bathroom and kitchen windows; the house was empty at the time.

1

Mrs. King complains that she saw the men attempt to measure a building which was not under protest at which point she instructed the men to leave the property and they complied. Mrs. King did not restrict Mr. Handorf's ability to conduct the appraisal and did not forbid Mr. Handorf from entering the pool house.

## PROCEDURAL HISTORY

Mrs. King went before the Tax Commission on October 9, 2011 with regard to an ad valorem tax dispute which began in 2010; during that hearing she also made complaints against Mr. Handorf and another person who conducted an appraisal of her two houses. Mrs. King filed suit in state court on February 13, 2014, and Defendants removed to federal court on March 14, 2014. On November 21, 2014, the court entered a judgment pursuant to the first Motion for Summary Judgment filed in this suit. The Judgment dismissed all claims against the Louisiana Tax Commission, but denied dismissal against Mr. Handorf. The court instructed the parties to more fully brief Mr. Handorf's defense of qualified immunity. Afterwards, the court entered judgment denying Mr. Handorf's qualified immunity defense. Mr. Handorf appealed the judgment which was subsequently reversed by the Fifth Circuit. The Fifth Circuit rendered judgment in favor of Mr. Handorf finding that he was entitled to qualified immunity.[1]

---

[1] R. #46.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[9]

---

[2] Fed. R. Civ. P. 56(c).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[4] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[5] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[6] Anderson, 477 U.S. at 249.
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[8] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[9] Anderson, 477 U.S. at 249-50.

3

## LAW AND ANALYSIS

Mr. Handorf and the Tax Commission, recognizing that the Fifth Circuit ruled that he is entitled to qualified immunity, now seek to have all claims, including state law claims asserted by Plaintiffs, dismissed with prejudice. The Fifth Circuit in King,[10] stated that unless it was clearly established that what Mr. Handorf did was a violation of Plaintiff's Fourth Amendment Rights, Handorf was entitled to qualified immunity. The court ultimately concluded that based on the facts of the case and the most relevant discussions of the law, there was no clear violation of Plaintiff's rights. Hence, Defendants, Mr. Handorf and the Louisiana Tax Commission, now assert that all remaining claims asserted by Plaintiffs should be dismissed with prejudice.

To the extent Plaintiffs have asserted state law claims, Defendants maintain that Article 1 § 5 of Louisiana's Constitution which protects against unreasonable searches and seizures is analogous to the federal Fourth Amendment.[11]

Based on the Fifth Circuit's opinion in King, supra, which concluded that no Fourth Amendment violation occurred, and considering that the alleged state law constitutional violations are analyzed essentially the same as the federal Fourth Amendment claims, the Court finds that Plaintiffs' state law claims against both the Louisiana Tax Commission and Mr. Handorf should be dismissed.

---

[10] R. #46, p. 56.
[11] Club Retro, LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009); Bennett v. City of Grand Prairie, Texas, 883 F.2d 400 (5th Cir. 1989).

5

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be **GRANTED** dismissing with prejudice all of Plaintiffs' claims against Defendants, Lloyd Handorf and the Louisiana Tax Commission, at Plaintiffs' costs.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 3rd day of February, 2017.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE