U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR – 6 2017

TONY R. MOORE, CLERK
BY: _____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

CARY KING, ET AL

VERSUS

LOUISIANA TAX COMMISSION, ET AL

CIVIL ACTION NO. 2:14-0549

JUDGE JAMES T. TRIMBLE, JR.

MAG. JUDGE HAYES

∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment of Defendant John Aron Johnson"

(R. #62) wherein defendant, Mr. Johnson seeks to dismiss with prejudice all claims by plaintiffs,

Cary King, Jr. and Melba Ireland King, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

As noted by Mr. Johnson, the undersigned dismissed without prejudice plaintiffs' claims that Mr.

Johnson's actions were undertaken for the purpose of, or resulted in the imposition of

"excessive" ad valorem tax by the LaSalle Parish Tax Assessor or the Tax Commission, for lack of

subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)".[1] The instant

motion seeks to dismiss with prejudice all claims against this Defendant.

## FACTUAL STATEMENT

At all times relevant to this lawsuit, Mr. Johnson was the LaSalle Parish Tax Assessor.[2]

Plaintiffs' claims against Mr. Johnson arise out of an *ad valorem* tax reassessment of two (2) of

Plaintiffs' properties in LaSalle Parish.[3] The reassessment of the two properties resulted in a 59%

---

[1] See Judgment rendered November 21, 2014, R. #32.
[2] Exhibit B, p. 1, R. #21-4..
[3] Id. p. 7.

1

and 44% increase, respectively.[4] Plaintiffs appealed the reassessment which resulted in a decrease, but Mr. Johnson appealed the decision to the Louisiana Tax Commission which reinstated the increase[5] and resulted in the instant lawsuit.  Mr. Johnson is the sole remaining defendant.

Plaintiffs' claims against Mr. Johnson include "public and private ridicule" and embarrassment in retaliation for Plaintiffs' political stance intended to harm plaintiffs' reputation and wealth."[6] Plaintiffs also assert that Mr. Johnson "arbitrarily or intentionally" selected Plaintiffs' property for reassessment and excessive taxation, allegedly a due process violation.[7]

On June 15, 2016, Mr. Johnson served Plaintiffs with Defendant's First Set of Interrogatories, Requests for Production and Requests for Admissions.[8] Plaintiffs failed to answer the discovery requests, so they are deemed admitted by operation of law.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[9] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[10] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury

---

[4] R. #46, p. 2.
[5] Defendant's exhibit B, R. # 62-3, p. 8.
[6] Id. p. 2.
[7] Id. p. 2.
[8] Defendant's exhibit C.
[9] Fed. R. Civ. P. 56(c).
[10] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

could return a verdict for the non-moving party.[11] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[12] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[13]  The burden requires more than mere allegations or denials of the adverse party's pleadings.  The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[14] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[15] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[16]

## LAW AND ANALYSIS

Mr. Johnson reminds the court that we ruled that  defendant, Lloyd Handorf, was entitled to qualified immunity; likewise, Mr. Johnson maintains that he is entitled to qualified immunity because he did not violate any of Plaintiffs' statutory or constitutional rights under either the United States or Louisiana Constitution; moreover, his actions were reasonably taken as part of his position as Tax Assessor, also noting that all claims relating to the excessiveness of Mr. Johnson's reassessment of Plaintiffs' properties is barred by *res judicata*.[17] Finally, Mr. Johnson seeks to dismiss with prejudice any claims of defamation for lack of evidence to support the claim.

---

[11] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[12] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[13] Anderson, 477 U.S. at 249.
[14] Celotex Corp. v. Catrett,  477 U.S. 317, 324 (1986).
[15] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[16] Anderson, 477 U.S. at 249-50.
[17] The undersigned dismissed said claims due to lack of subject matter jurisdiction.

*Qualified Immunity*

Mr. Johnson asserts that he is entitled to qualified immunity because he did not violate any of Plaintiffs' statutory or constitutional rights under either the Louisiana or United States Constitution; furthermore, his actions were reasonably taken as part of his position as Tax Assessor.

"The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal."[18] Once the affirmative defense is properly raised by the defendant, the "plaintiff has the burden to negate the assertion of qualified immunity."[19] To establish that qualified immunity does not apply, the Kings must prove Johnson "(1) violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."

The touchstone of this inquiry is whether a reasonable official would have believed that his conduct conformed to the constitutional standard in light of clearly established law and the information available to him.[20] In other words, Mr. Johnson is entitled to qualified immunity, unless all reasonable officials in his circumstances would have known that the conduct violated the Constitution.[21]

The court concludes that Mr. Johnson is entitled to qualified immunity because he did not violate any of Plaintiffs' statutory or constitutional rights under either the Louisiana or United States Constitution and his actions were reasonable as part of his position as Tax Assessor.[22]

---

[18] Morgan v. Swanson, 659 F.3d 359, 380 (5th Cir. 2011).
[19] Collier v. Montomgery, 569 F.3d 214, 217 (5th Cir. 2009).
[20] Goodson v. City of Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000), rehearing denied; Glen v. City of Tyler, 242 F.3d 307, 312 (5th Cir. 2001).
[21] See Thompson v. Upshur County, Texas 245 F.3d 447, 457 (5th Cir. 2001).
[22] See Morgan, 659 F.3d at 380.

Case 1:14-cv-00549-JTT-KLH   Document 64   Filed 03/06/17   Page 5 of 6 PageID #: 334

*Alleged Ridicule and Embarrassment or Defamation*

Defamation requires proof of five elements: (1) defamatory words; (2) publication; (3) falsity; (4) actual or implied malice; and (5) injury.[23] Mr. Johnson maintains that any actions by Plaintiffs for ridicule and embarrassment or defamation must be dismissed because Plaintiffs have failed to present summary judgment evidence and/or any supporting law. The court agrees. Plaintiffs have failed to present any evidence to create a genuine issue of fact to establish these claims. Accordingly, the claims for ridicule and embarrassment, to the extent they even exist, and defamation will be dismissed. Plaintiffs have neither identified nor provided any evidence of alleged "defamatory words," much less provided evidence establishing the remaining essential elements of a defamation claim.[24] Moreover, the admissions establish that there is no genuine issue of material fact, and thus there is no such evidence to establish the remaining essential elements of a defamation claim.[25]

*Res Judicata*

Plaintiffs have asserted various claims based on the tax assessment process. Mr. Johnson asserts that these claims fail under both *res judicata* and qualified immunity. In the Judgment[26] rendered on November 21, 2014, the undersigned concluded that all purported claims by Plaintiffs which seek or would necessitate a finding by this court that the alleged actions of one or more Defendants contributed to, were under taken for the purpose of, or resulted in the impositions of "excessive" ad valorem tax by the LaSalle Parish Tax Assessor or the Tax

---

[23] <u>Benson v. McKinney</u>, 2009 WL 1033172, at *8 (W.D. La. April 16, 2009).
[24] See Id.
[25] See Defendant's exhibit C, p. 15.
[26] R. #32.

Commission," particularly claims against Mr. Johnson are dismissed without prejudice for lack of subject matter jurisdiction. Accordingly, *res judicata* applies to these claims.

More significantly, the Plaintiffs have failed to identify or provide evidence supporting any alleged violation of a clearly defined constitutional right. Mr. Johnson, as the Tax Assessor, did not violate any constitutional right or clearly defined constitutional right in assessing Plaintiffs' property. Thus, Plaintiffs' claims relating to alleged arbitrary or intentional selection for reassessment fail to state a claim and will be dismissed with prejudice.

*Vicarious liability*

Mr. Johnson maintains that any claims against him for vicarious liability for the actions of Handorf must be dismissed with prejudice. As noted by Mr. Johnson, all claims against Mr. Handorf have been dismissed,[27] hence, all claims for vicarious liability against Mr. Johnson will be dismissed.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice all claims by Plaintiffs against defendant, John Aron Johnson.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 6th day of March, 2017.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[27] R. #60, p. 4.